# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **Bibiana M. Rodriguez,** | : | |
| | : | Case No. 11-18847-RGM |
| | : | Chapter 13 |
| Debtor | : | |
| | : | |

### DEBTOR'S REPLY TO WELLS FARGO'S RESPONSE TO OBJECTION TO PROOF OF CLAIM

COMES NOW the Debtor, Bibiana M. Rodriguez, by counsel, and replies to the Response of Wells Fargo to the Objection to its Proof of Claim and in support thereof she states as follows:

1. A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f). When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. *Id.*, (c)(1). If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim. *Id.*, (c)(2)(A). If a creditor fails to provide the information under Bankruptcy Rule 3001(c), the court may preclude the creditor from presenting any evidence of the omitted information or award other appropriate relief including attorney fees. *Id.*, (c)(2)(D). If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected. *Id.*, (d).

1

2. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due. Bankruptcy Rule 3002.1(b). A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. *Id.*, (d). If the creditor fails to provide this information, the court may preclude the creditor from presenting the omitted information or award other relief including attorney fees. *Id.,* (i).

3. Wells Fargo failed to file the Proof of Claim in accordance with Rule 3001. The Proof of Claim failed to attach the promissory note upon which its claim clearly rests and failed to itemize interest and costs. The bank cannot claim "harmless error" because the debtor has a copy of the note. The debtor does not know if she has a true copy of the note. Debtor obviously does not possess the original note. Wells Fargo has failed to show it has any standing (prudential or constitutional) before this court.

4. No effort has ever been made to comply with Bankruptcy Rule 3002.1(b).

5. No effort has been made in the Proof of Claim to list the dates incurred for the purported "Late charges" or for the "BK Atty Fees/Cost".

6. The Proof of Claim does not itemize interest from 5.15.2009 to 7.15.2010 or from 8.15.2011 to 12.12.2011 or make any effort to itemize or explain the variance between the principal amount of $273,000 as stated in the Deed of Trust and $289,738.57 as stated in the Proof of Claim.

7. With respect to the Mortgage Proof of Claim Attachment in the claim, Part 1, line 3, states total principal and interest as $328,461.24. Part 2, line 18 lists total fees and charges at $14,638.28. These figures equal $343,099.52. Nonetheless the Proof of Claim states the total amount secured as $353,805.88. The Debtor, apparently, must simply figure out for herself the variance.

8. The Deed of Trust, on its face, evidences an imperfect security interest for lack of a proper acknowledgement. Va. Code § 47.1-16 ("A notarial act shall be evidenced by a notarial certificate…."). Va. Code § 47.1-2 (""Notarial certificate" or "certificate" means the part of, or attachment to, a notarized document that is completed by the notary public, bears the notary public's signature, title, commission expiration date, **notary registration number**…."[emphasis added]). Va. Code § 47.1-16 ("Near the notary's official signature on the notarial certificate of a paper document, the notary shall affix a **sharp, legible, permanent, and photographically reproducible image** of the official seal…." [emphasis added]) Moreover, although not apparent on its face, the property description in the Deed of Trust is incorrect because Lot 90, Section 1 does not exist in Linden Square. Upon information and belief, Lot 90 is in Section 2 of Linden Square.

9. The debtor listed this debt as disputed. The debtor continues to dispute the entire debt including the alleged security interest, principal, the amount of interest claimed by the bank, the late charges, the amount of the installment payments (both pre- and post-petition payments), the alleged amount necessary to cure the default, the purported "$10,861.79" in "FC ATTY FEES/COSTS" and the purported $750 in "BK Atty Fees/Costs".

10. The "settlement" on this loan took place on or about December 29, 2006. Debtor is illiterate through no fault of her own. Prior to this "settlement", debtor had a note and deed of trust with an outstanding balance of about $234,000, which was the note and deed of trust she provided to her counsel for purposes of modification and for this Chapter 13. After settlement, according to the note and deed of trust relied upon by Wells Fargo, her principal rose to $273,000, a loss of equity of nearly $40,000. At and before the "settlement", the mortgage broker, North America Home Loans, affirmatively misrepresented the contents of the documents. The broker represented the transaction as a "temporary forbearance" for twelve months with a reduced payment at the end of which, if debtor made the twelve payments, the bank would modify her loan. As the Deed of Trust and at least the promissory note that has been provided to counsel for the debtor make clear, this transaction was certainly not a forbearance agreement. Of greater concern, no one informed the debtor that the principal amount owed would jump from $234,000 in December of 2006 to $273,000. Of still greater concern, the HUD 1 Settlement Statement purports that your debtor received $23,900 in cash. However, the debtor states that she did not receive $23,900 in cash. A substantial portion of the equity in your debtor's property appears to have vanished. Debtor needs additional discovery from Universal Title, the settlement company.

11. Because the debtor disputes the amount of the principal, that is, a partial failure of consideration, the debtor disputes the amount of interest claimed by Wells Fargo.

12. With respect to the purported "$10,861.79" in "FC ATTY FEES/COSTS", the failure to itemize this amount makes it impossible for either the debtor or this court to determine the reasonableness of the fees.

13. With respect to the installment payments and amount necessary to cure the arrears, at least based on the promissory note that has been provided to the debtor, the amount of each installment payment claimed by Wells Fargo is contrary to and in breach of the express terms of the promissory note, the parol evidence rule and the statute of frauds. Wells Fargo, without the consent of the Debtor, attempts to alter the express provisions of the contract, which is not permissible under Chapter 13s.  Moreover, upon information and belief, in further breach of the express provisions of the note, Wells Fargo seeks installment payments and late fees after the acceleration of the note.

14. It is entirely unclear whether the installment payments include escrow items, as stated on the original Proof of Claim, or do not include escrow items as stated on the amended Proof of Claim.  Lastly, as the B 10 (Supplement 1) would show if it had been filed with the court, Wells Fargo bloated the amount of the current, post-petition, principal and interest-installment payment, as evidenced by the Bankruptcy Escrow Account statement in the original claim, which, inexplicably, has not been attached to the amended Proof of Claim.[1]

15. Debtor reserves all rights to amend and or supplement, or to seek leave of court to amend and or supplement, the Objection and Reply.

WHEREFORE, having replied to the Response of Wells Fargo, debtor prays for the following relief:

1. That the Court disallow the Proof of Claim in its entirety; or, in part.

---

[1] The "amended" Proof of Claim also violates Rule 3001 (and 3002.1).  For example, it attached neither the Note nor the Deed of Trust or the B 10 Supplement.  Consequently Debtor will file an objection to the amended Proof of Claim.  Even if one regards the amended Proof of Claim as a "supplement", *prima facie* invalidity remains.

5

2. That the Court preclude Wells Fargo from presenting any of the omitted information, in any form, and/or grant other appropriate relief (such as, for example, ordering the creditor to submit a true copy of the promissory note with all endorsements, allonges and or assignments as well as form B 10 Supplement by a date certain).

3. An Order allowing the parties to conduct discovery.

4. For such other and further relief as the court deems appropriate.

Respectfully Submitted,
Bibiana M. Rodriguez, By Counsel

  /s/ Alfred P. Boland_____
Alfred P. Boland, VSB #31037
Counsel to Debtor
4000 Legato Road, Suite 1100
Fairfax, Virginia  22033
703-896-7678 (office)
703-896-7601 (facsimile)
apboland@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Reply to the Response to the Objection to Proof of Claim was served through the Court's ECF system to Thomas P. Gorman, Trustee, and to Mark D. Meyer, Counsel for Wells Fargo, N.A. on this 31st day of May, 2012.

  /s/ Alfred P. Boland___
Alfred P. Boland