## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

BIBIANA MARTHA RODRIGUEZ,

     Debtor.

Case No. 11-18847-KHK
(Chapter 13)

### ORDER

THIS CASE came before the Court on March 16, 2017, on the debtor's Motion for Determination of Final Cure and Mortgage Payment (Docket Entry 213) and Objection to Mortgage Payment Change (Docket Entry 207). Alfred Boland appeared on behalf of the debtor, and R.A. Hurley appeared on behalf of Wells Fargo Bank, N.A.

The debtor filed this Chapter 13 case on January 12, 2011. The debtor's plan (Docket Entry 146) was confirmed on March 6, 2014. Section 5 of the confirmed plan provides for the debtor to make payments of $1,719.06 per month to the trustee to pay off the total arrearage of $62,296.00 while continuing to make regular contractual payments directly to Wells Fargo of $1,249.23 per month. On October 16, 2014, Wells Fargo filed a Notice of Mortgage Payment Change, to which the debtor objected. On March 21, 2016, this Court entered a consent order (Docket Entry 202) resolving the matter. Per the order endorsed by both counsel for the debtor and Wells Fargo, the notice filed by Wells Fargo was deemed "to have been filed for informational purposes only." The order also directs the parties to continue to abide by the confirmed plan.

At the hearing, Wells Fargo was unable to provide sufficient documentation to demonstrate how it applied the pre- and post-petition payments. Wells Fargo's representative who was present

at the hearing testified that she did not prepare the documents that Wells Fargo attempted to rely on to demonstrate how it applied the debtor's payments and that she could not attest to their accuracy. Wells Fargo did not appeal the order confirming the debtor's Chapter 13 plan that established the monthly contractual payment and arrearage amount, and it endorsed the consent order directing the parties to continue to abide by the terms of the confirmed plan.  Each time Wells Fargo filed a notice of mortgage payment change, the debtor complied with the notice and remained current on her mortgage payments.  Ex. B, Post-Petition Payment History.  Moreover, the Court notes that Wells Fargo did not file any motion requesting relief from the stay after the debtor's plan was confirmed. For the foregoing reasons, it is

ORDERED the debtor remains current in her contractual payments due to Wells Fargo as determined by her confirmed Chapter 13 plan.

DONE at Alexandria, Virginia, this 2nd of August, 2017.

Aug 3 2017

/s/ Klinette H. Kindred
_____
Klinette H. Kindred
United States Bankruptcy Judge

Copy electronically to:

Alfred P. Boland
William M. Savage
Thomas P. Gorman

Entered on Docket:Aug 3 2017